**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICK SEAN O'NEIL,<br><br>Plaintiff,<br><br>v.<br><br>LAKE COUNTY JAIL, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:24-cv-851<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge<br>Jonathan D. Greenberg |

## OPINION AND ORDER

Plaintiff Patrick O'Neil brings a civil rights claim, without a lawyer, against the Lake County Jail, Sheriff Frank LeonBruno, Head Nurse Voyle, and Sergeant Joshua Shimko for failing to provide him with adequate medical attention after he slipped and fell in his jail cell. Defendants move for summary judgment. Additionally, Defendants indicate that Plaintiff failed to respond to a request for admission and move for the matter to be admitted in accordance with Rule 36(a)(3). For the reasons that follow, the Court **DEEMS** the requests for admission at issue admitted and **GRANTS** Defendants' motion motion for summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2022, Plaintiff Patrick O'Neil was detained in the Lake County Jail for a pending charge of operating a vehicle while impaired. (ECF No. 26-1, PageID #153.) On April 23, 2022, shortly before he was released on bond, Mr. O'Neil slipped and fell inside his cell. (ECF No. 1, PageID #6.) The parties dispute the

extent of the injuries he sustained and of the nature of the treatment he received in the jail.

According to Mr. O'Neil, the incident occurred when an officer called his name to inform him that it was time for him to leave. (ECF No. 26-1, PageID #177.) He jumped up and slipped on a puddle of water near the cell's leaky toilet. (*Id.*, PageID #172 & #177.) As he fell, Mr. O'Neil twisted to reach for support. (*Id.*, PageID #179.) Although he caught the top of the bunk with his right arm, he was unable to stop his fall or prevent his head from hitting the corner of a bench. (*Id.*, PageID #180.)

From this point, some of Mr. O'Neil's recollections are "foggy." (*Id.*) He recalls a nurse, whom he believed to be Ms. Voyle, asking him questions. (*Id.*, PageID #178 & #182.) He had trouble responding when the nurse asked him for his name, but he informed her that he was experiencing nausea and dizziness. (*Id.*, PageID #182.) In response, the nurse told him that she never heard of a head injury causing memory loss or dizzy spells. (*Id.*)

Also, Mr. O'Neil informed a corrections officer, whom he identifies as Sergeant Joshua Shimko, that he thought he was experiencing "a pretty bad concussion or something." (*Id.*, PageID #183.) Mr. O'Neil asked to be taken to the hospital and for treatment and informed Sergeant Shimko that he had insurance that would cover the cost. (*Id.*, PageID #184.)

Instead, the officer placed Mr. O'Neil into a solitary observation cell. (*Id.*, PageID #184.) While there, Mr. O'Neil was not observed, offered care, or given ice to treat his swelling. (*Id.*, PageID #187–89 & #210–11.) The next day, Mr. O'Neil pleaded with Sergeant Shimko to release him from the observation cell. (*Id.*, PageID #182 & #191.) Sergeant Shimko informed Mr. O'Neil that he could return to his usual cell only if he rescinded his request to go to the hospital. (*Id.*, PageID #182–83 & #193.) Mr. O'Neil complied "out of desperation." (*Id.*, PageID #193.)

By all accounts, Mr. O'Neil was released from jail shortly after this incident and started working in carpentry and scrapping. (*Id.*, PageID #205–207.) He did not seek any medical care for his injuries while released. (*Id.*, PageID #209.)

Five months later, Mr. O'Neil was again arrested and detained in the Lake County Jail on unrelated charges. (*Id.*, PageID #208.) According to the nurse's intake notes dated September 17, 2022, he now exhibited a right posterior bicep bulge and a dental infection and was placed on sick call. (*Id.*, PageID #218.)

Plaintiff alleges that his fall in April 2022 caused him to suffer chipped teeth, a torn shoulder muscle, and a head injury. (ECF No. 26-1, PageID #197.) In the absence of proper treatment, his chipped teeth now require oral surgery, his torn shoulder tissue "bunched up," and symptoms of his head injury persist. (*Id.*; ECF No. 1, PageID #8.) As Mr. O'Neil explains, the symptoms of his head injury include his "depression and recent slew of legal problems, dizzy spells, headaches, memory loss, and possible anger issues." (ECF No. 1, PageID #6.) As relief, he seeks medical

treatment, commutation of his current prison term, and $140 million for his pain and suffering. (*Id.*, PageID #8.)

## STATEMENT OF THE CASE

Plaintiff brings a claim under 42 U.S.C. § 1983 that the Lake County Jail, Sheriff Frank LeonBruno, Head Nurse Voyle, and Sergeant Joshua Shimko violated his Eighth Amendment right to adequate medical care while incarcerated. (ECF No. 1, PageID #4.) Defendants move for a summary judgment. (ECF No. 27.)

## DEEMED ADMISSIONS

As part of their motion for summary judgment, Defendants request that requests for admission be deemed admitted under Rule 36 because Plaintiff failed to answer them. (*Id.*, PageID #229-30.) Defendants argue that these admissions "eliminate any genuine material fact for trial as to Plaintiff's claims." (*Id.*, PageID #225.) In discovery, Defendants provided copies of jail records relating to Mr. O'Neil's April 2022 fall and the medical attention he subsequently received. (ECF No. 27-3; ECF No. 27-4; ECF No. 27-5; ECF No. 27-9.) Also, they deposed Mr. O'Neil (ECF No. 26) and served him with written discovery requests. (ECF No. 27-7).

In discovery, Defendants served Mr. O'Neil with interrogatories, requests for production of documents, and requests for admission. (ECF No. 27-7.) Mr. O'Neil returned this document together with his responses. (ECF No. 27-8.) In a lengthy preamble, Mr. O'Neil assured Defendants that he was proceeding in good faith: "I am not a liar nor have I sued anyone in my life ever, even though I have had many constitutions [*sic*] to do so in the past." (ECF No. 27-8, PageID #298; *but see O'Neil*

*v. Mentor Police Dep't.*, No. 1:23-cv-00651, 2023 WL 4052460, at *1 (N.D. Ohio Mar. 28, 2023).) Then, he answered each interrogatory in detail but ignored the request for production of documents and requests for admission. (*Id.*, PageID #303–10.) The two requests for admission asked for Mr. O'Neil to "Admit that [he] suffered the tear to his right trilateral tissue, two lateral splits to the head, and breaking of four teeth sometime after he was release from Lake County Jail in April of 2022," and "Admit that [he] received adequate and appropriate care for his fall on April 23, 2022 in the Lake County Jail." (ECF. No. 27-7, PageID 293–94.)

Under Rule 36, a party may request admissions relating to "facts, the application of law to fact, or opinions about either;" and "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A)–(B). A party to whom the request is directed must serve the requesting party with a written answer or objection within 30 days of being served. Fed. R. Civ. P. 36(a)(3). If the responding party does not do so, the matter is admitted. *Id.*; *see also Goodson v. Brennan*, 688 F. App'x 372, 375 (6th Cir. 2017) (holding that, under Rule 36, "by never responding to Defendant's [requests for admission], or filing a motion for relief, Plaintiff admitted and conclusively established as fact all statements therein").

"[C]onclusive admissions 'cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the record.'" *Id.* at 376 (internal citations omitted). "[M]atters inconsistent with admissions conclusively established under Rule 36 cannot be considered by the Court in ruling upon [a]

[m]otion for [s]ummary [j]udgment." *Haun v. Humana*, 651 F. Supp. 120 (W.D. Ky. 1986).

*Pro se* litigants such as Plaintiff "are required to follow the rules of civil procedure." *Mooney v. Cleveland Clinic Found.*, 184 F.R.D. 588, 590 (N.D. Ohio 1999) (citing *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991)). While *pro se* plaintiffs are generally entitled to latitude when dealing with sophisticated legal issues, "there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan*, 951 F.2d at 109 (holding that dismissal is appropriate where a *pro se* litigant fails to adhere to court deadlines).

Defendants served Plaintiff with their written discovery requests, which Plaintiff returned with detailed responses to the interrogatories. (ECF No. 27-8.) Rather than objecting to the requests for admission or responding to them, he simply ignored them. The two requests for admission were worded clearly, and a prompt for a response followed each. (ECF No. 27-8, PageID #321–22.) Nothing in these requests or in the record suggests that Plaintiff failed to understand what was being asked of him. Plaintiff decided not to respond to the requests. Under Rule 36, Plaintiff's failure to respond to the requests for admission means they are admitted. Fed. R. Civ. P. 36(a)(3).

Therefore, the Court **GRANTS** Defendants' motion to have their requests for admission deemed admitted (ECF No. 27) and takes as true each of the following facts, which are admitted by operation of Rule 36: "[Mr. O'Neil] suffered the tear to his right trilateral tissue, two lateral splits to the head, and breaking of four teeth

sometime after he was release from Lake County Jail in April of 2022," and "[he] received adequate and appropriate care for his fall on April 23, 2022 in the Lake County Jail."

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The party seeking summary judgment has the initial burden of informing the court of the basis for its motion" and identifying the portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Tokmenko v. MetroHealth Sys.*, 488 F. Supp. 3d 571, 576 (N.D. Ohio 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The non-moving party must then "set forth specific facts showing there is a genuine issue for trial." *Id.* (citing *Anderson*, 477 U.S. at 250). To determine whether a genuine dispute about material facts exists, it is not the Court's duty to search the record. *See Betkerur v. Aultman Hospital Ass'n*, 78 F.3d 1079, 1087 (6th Cir. 1996). Instead, the parties must bring those facts to the Court's attention. *Id.*

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The

Court, instead, determines "whether the evidence presents a sufficient disagreement to require submission to a jury" or whether the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. In doing so, the Court must view the evidence in the light most favorable to the non-moving party. *Kirilenko-Ison v. Board of Educ. of Danville Indep. Schs.*, 974 F.3d 652, 660 (6th Cir. 2020) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 587).

If a genuine dispute exists, meaning "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgement is not appropriate. *Tokmenko*, 488 F. Supp 3d at 576 (citing *Anderson*, 477 U.S. at 250). If the evidence, however, "is merely colorable or is not significantly probative," summary judgment for the movant is proper. *Id.* The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Anderson*, 477 U.S. at 247–48).

"Just as a plaintiff may not rely on conclusory allegations to proceed past the pleading stage, so too a plaintiff may not rely on conclusory evidence to proceed past the summary-judgment stage." *Viet v. Le*, 951 F.3d 818, 823 (6th Cir. 2020) (cleaned up). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id.* (quoting *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009)).

## ANALYSIS

Plaintiff asserts that Defendants denied him medical attention in violation of his rights under the Eighth Amendment. (ECF No. 1, PageID #4.) Section 1983 provides a federal cause of action to a person whose rights "secured by the Constitution" are violated by an official acting "under color of [State law]." 42 U.S.C. § 1983. In this way, Section 1983 "creates a species of tort liability" where State actors violate federal constitutional rights. *Heck v. Humphrey*, 512 U.S. 477, 483 (1994) (citation omitted). "The first inquiry in any § 1983 suit is to isolate the precise constitutional violation" alleged. *Graham v. Connor*, 490 U.S. 386, 394 (1989) (internal quotation marks and citation omitted). "After pinpointing" the constitutional right at issue, "courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Manuel v. City of Joliet*, 580 U.S. 357, 370 (2017). Under Section 1983, "the general 'common law of torts'" bridges the gap between a constitutional right and the elements of a cause of action. *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1160 (6th Cir. 2021) (citation omitted).

Although Plaintiff raises his claim under the Eight Amendment, "the Eighth Amendment does not apply to pretrial detainees" like Plaintiff was in April 2022. *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022). Instead, "pretrial detainees have a constitutional right to be free from deliberate indifference to serious medical needs under the Due Process Clause of the Fourteenth Amendment." *Id.,* (citation omitted). Notably, a pretrial detainee's due process rights to medical care "are at least as great as the Eighth Amendment protections available to a convicted

prisoner." *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983). Accordingly, the Court analysis Plaintiff's claims under the Fourteenth Amendment.

A Fourteenth Amendment deliberate indifference claim follows a two-prong framework first established in *Farmer v. Brennan*, 511 U.S. 825, 114 (1994). In principle, this standard seeks to ensure "humane conditions of confinement" and that "inmates receive adequate food, clothing, shelter, and medical care," as well as reasonable measures to guarantee their safety. *Id* at 832.

Under the first prong, an alleged constitutional deprivation "must be, objectively, sufficiently serious" and "result in the denial of the minimal civilized measures of life's necessities." *Farmer*, 511 U.S. at 834 (internal quotations omitted). In cases alleging a failure to prevent harm, the plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.*

For the second prong, the "prison official must have a '"sufficiently culpable state of mind."' *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). In a case concerning a pretrial detainee, this prong requires a showing that each defendant "acted deliberately [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (quoting *Farmer*, 511 U.S. at 836).

Plaintiff fails to satisfy either prong. First, with the benefit of the admissions discussed above, Plaintiff admits that he sustained his muscle, tooth, and head injuries after his release from prison in April 2022. (ECF No. 27-8, PageID #321–22.)

Second, Plaintiff cannot establish reckless conduct because he admits that he "received adequate and appropriate care for his fall on April 23, 2022 in the Lake County Jail." (ECF No. 27-8, PageID #321-22.)

Even without the application of Rule 36, Plaintiff's claim reaches the same fate. While the Court considers a motion for summary judgment in the light most favorable to the non-moving party, it may only do so when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Tokmenko*, 488 F. Supp 3d at 576. The record on summary judgment does not permit a reasonable jury to find for Mr. O'Neil. He alleges serious injuries, including four broken teeth and a torn bicep muscle, sustained shortly before his release from jail. Multiple records of his fall, written by different jail employees, acknowledge a head scrape and but make no mention of broken teeth or a muscle injury. Additionally, Plaintiff agrees that he did not seek medical treatment in the five months following his release even though he had health insurance and was allegedly desperate for care. Instead, he engaged in physically intense labor until his next arrest. Mr. O'Neil's own statements and conduct conflict with the available evidence, foreclosing a verdict in his favor on this record as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to have their requests for admission deemed admitted and Defendants' motion for summary judgment (ECF No. 27). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this ruling could not be taken in good faith.

**SO ORDERED.**

Dated: October 5, 2026



J. Philip Calabrese
United States District Judge
Northern District of Ohio